**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| CALIFORNIA INSTITUTE OF TECHNOLOGY, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Case No. 5:22-MC-80318 <br><br> E.D. Tex. Case No. 2:21-CV-0446-JRG <br><br> **DECLARATION OF RAVI BHALLA IN SUPPORT OF PLAINTIFF CALIFORNIA INSTITUTE OF TECHNOLOGY'S MOTION TO COMPEL SUBPOENA COMPLIANCE BY BROADCOM CORP. AND BROADCOM INC.** |

I, Ravi Bhalla, Esq., declare as follows:

1. I am over the age of eighteen (18) years and competent to testify on the matters set forth herein. I am an attorney with the law firm Susman Godfrey L.L.P., counsel of record for the California Institute of Technology ("Caltech") in a case pending in the United States District Court for the Eastern District of Texas, *California Institute of Technology v. Samsung Electronics Co., Ltd. et al.*, No. No. 2:21-CV-0446-JRG (the "E.D. Tex. Action"). In such capacity, I have developed personal knowledge regarding the facts set forth below. I make this declaration in support of Caltech's Motion to Compel Subpoena Compliance by Broadcom Corp. and Broadcom Inc.

2. In April 2022, Caltech served an interrogatory on Samsung in the E.D. Tex. Action, which stated, in part: "For each of the Accused Products, identify the chip or other hardware providing wireless local area network (WLAN or Wi-Fi) functionality, including the manufacturer of the chip or other hardware, the model number, the model variant identifying information (including, for example, "build ID") . . . ."

3. Samsung responded to that interrogatory in May 2022 and identified 18 Broadcom chips that are used across dozens of Samsung "Wi-Fi products with LDPC functionality." Samsung supplemented its response to that interrogatory in August 2022, identifying two additional Broadcom chips that are used in Samsung "Wi-Fi products with LDPC functionality." That is, Samsung identified a total of 20 Broadcom chips.

4. In its interrogatory responses, Samsung did not assert any objections relating to claim preclusion based on the C.D. Cal. Action. And when Samsung produced financial data for its accused products, it included financial data for accused products that use Broadcom chips.

5. Attached hereto as Exhibits 1 and 2 are true and correct copies of the Subpoenas to Produce Documents, Information, or Objects that were served on Broadcom Corp. and Broadcom Inc., respectively (the "Subpoenas").

6. Attached hereto as Exhibits 3 and 4 are true and correct copies of the responses and objections that Broadcom Corp. and Broadcom Inc. ("Broadcom"), respectively, served in response to the Subpoenas.

7. After Broadcom served its responses and objections, I conducted a series of meet and confers with counsel for Broadcom. These were held both by phone—on June 8 and August 8, 2022—and via e-mail. Attached hereto as Exhibit 5 is a true and correct copy of my e-mail correspondence with counsel for Broadcom with respect to the Subpoenas.

8. During the first meet and confer, on June 8, we discussed the claim preclusion objection that Broadcom asserted in its responses and objections to the Subpoenas. Counsel for Broadcom represented to me that Broadcom saw that objection as a global gating issue to the entirety of the Subpoenas, but agreed to review the list of Broadcom chips involved in the E.D. Tex. Action and consider its position. I agreed to consider Broadcom's claim preclusion objection.

9. On July 5, I provided counsel for Broadcom with the list of 18 Broadcom chips that Samsung identified in its initial interrogatory response. Ex. 5 at 2.

10. During the second meet and confer, on August 8, I again discussed Broadcom's claim preclusion objection with counsel for Broadcom.

11. Counsel for Broadcom explained its position that Caltech was not entitled to discovery from Broadcom on any of the 18 chips included on the July 5 list. For 16 of those chips, counsel for Broadcom stated that Caltech was precluded from seeking the discovery at issue because those chips are also involved in Caltech's litigation against Apple and Broadcom in the Central District of California. *See California Institute of Technology v. Broadcom Ltd., et al.*, No. 2:16-cv-03714 (C.D. Cal.) (the "C.D. Cal. Action"). Broadcom offered to make a production that was "sufficient to show" that these 16 chips are involved in the C.D. Cal. Action. For the 17th chip, counsel for Broadcom stated that, because the chip was sold as early as 2018, Caltech "could have" asserted it in the C.D. Cal. Action and was therefore precluded from taking discovery into that chip in the E.D. Tex. Action. And for the 18th chip, counsel for Broadcom stated that the chip was non-infringing based on the type of encoder it uses, and offered to produce a document showing the type of encoder employed by the chip.

12. On October 6, I provided counsel for Broadcom with the two additional chip numbers that were identified by Samsung in its supplemental interrogatory response.

13. On October 26, counsel for Broadcom indicated by e-mail that, in its view, claim preclusion again applied to block discovery into those two chips because they are also involved in the C.D. Cal. Action. Ex. 5 at 1.

14. Counsel for Broadcom agreed to accept electronic service of Caltech's Motion to Compel Subpoena Compliance on behalf of Broadcom Corp. and Broadcom Inc. Ex. 5 at 2.

15. Broadcom is one of seven chipmakers that Caltech has subpoenaed in connection with the E.D. Tex. Action, but it is the only chipmaker that has refused to produce responsive materials.

16. In the E.D. Tex. Action, Caltech is presently asserting the following claims against Samsung: claims 11-17 and 19-33 of the '710 Patent, claims 1-8 and 10-22 of the '032 Patent, claims 3-18 and 22 of the '781 Patent, and claims 1-4, 6-11, and 13-14 of the '833 Patent.

17. Attached hereto as Exhibit 6 is a true and correct copy of trial testimony given by Catherine Lawton on January 22, 2020 in the C.D. Cal. Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 21, 2022

                                                */s/ Ravi Bhalla*

                                                RAVI BHALLA, Declarant

Bhalla Declaration In Support of Caltech's Motion to Compel Subpoena Compliance – 5:22-MC-80318