# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| The CALIFORNIA INSTITUTE OF TECHNOLOGY <br><br>                 Plaintiff <br><br>    v. <br><br> SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC. <br><br>              Defendant | Civil Action No. 2:21-cv-446-JRG |

### NON-PARTY BROADCOM INC.'S RESPONSE TO PLAINTIFF CALTECH'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Party Broadcom Inc. ("Broadcom") hereby responds to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises In a Civil Action ("Subpoena") issued by Plaintiff The California Institute of Technology ("Caltech") in *The California Institute of Technology v. Samsung Electronics Co. Ltd.. and Samsung Electronics America, Inc.*, Case No. 2:21-cv-446-JRG (E.D. Tex.) ("this matter" or "*Samsung* case"), served on or about April 13, 2022 and pursuant to the response date set by Caltech, as follows:

### PRELIMINARY STATEMENT

The following objections and responses are based solely on the information that is presently available and specifically known to Broadcom.

1

Broadcom reserves the right to supplement the following objections and responses, and to change any and all answers herein as additional information is ascertained as to the scope and the relevance of Caltech's Document Requests ("Requests").

Broadcom's agreement to produce any category of information or documents is not a representation that any such documents or information in that category actually exist in Broadcom's possession, custody, or control, or can be located through a reasonable search, or that such information or documents are relevant.

Broadcom's objections and responses are made without in any way waiving or intending to waive, but, on the contrary, preserving and intending to preserve:

1.      All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the response or subject matter thereof, in any subsequent proceeding in or the trial of this or any other investigation or action;

2.      The right to object on any ground to the use of said objections responses, or the subject matter thereof, in any subsequent proceeding in or the trial of this or any other investigation or action; and

3.      The right to object on any ground at any time to other discovery procedures involving or relating to the subject matter of the Subpoena.

Further, the Subpoena contains ten numbered broad document requests, several with multiple subparts, originally requested for production on May 2, 2022, just 19 days after service of the Subpoena.  This unreasonably short turnaround would be unduly burdensome and unnecessary to impose on a non-party in any circumstance, and particularly here given that fact discovery deadline does not close until April 24, 2023.  Dkt. No. 27 at 3.

## GENERAL OBJECTIONS

Broadcom hereby incorporates each of these general objections into its specific answers and objections to each of the Requests, whether or not Broadcom refers to such objection in its specific answer to a specific request.

1.      Broadcom objects to Caltech's subpoena seeking documents related to The *California Institute of Technology v. Broadcom Ltd., et al.*, C.D. Cal Case No. 2:16-cv-03714-GW-AGRx ("*Broadcom* case") litigation for use in this matter.  In the *Samsung* case, Caltech appears to accuse Samsung products that include the same Broadcom chips as were at issue in the *Broadcom* case and of infringing the same patents (or patents with materially similar claims) as those asserted and litigated to final judgment in the *Broadcom* case.  As such, Caltech's claims against Samsung are barred by the doctrine of claim preclusion, and thus the discovery sought by the subpoena is irrelevant, unduly burdensome, and not proportional to the needs of the case.

2.      Broadcom objects to the Requests to the extent that they purport to seek documents protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege, immunity, or exemption from disclosure.  Broadcom intended to and does claim all such protections and privileges. To the extent privileged or protected information is included in any response, this is inadvertent and shall not constitute waiver of any protection.

3.      Broadcom objects to the Requests to the extent that they purport to seek documents or information, the disclosure of which would violate privacy rights, confidentiality agreements, or other legally protected arrangements between Broadcom and any individual or entity.

4.      Broadcom objects to the "Definitions and Instructions" to the extent that they are inconsistent with or seek to impose obligations beyond those imposed by the Federal Rules or any other applicable rule.  With particularity, Broadcom objects to instructional paragraphs 9, 10, 11,

and 12 as seeking to impose obligations beyond those imposed by the Federal Rules or any other applicable rule.  Broadcom will respond to the Requests only to the extent required by these Rules.

5.     Broadcom objects to the Requests to the extent they seek discovery of information that is not relevant to any party's claim or defense, is not proportional to the needs of the case, or is information that can be obtained with a party to the case rather than Non-Party Broadcom.

6.     Broadcom objects to the Requests to the extent they impose a duty on Non-Party Broadcom to undertake a search for documents or things for which Caltech is able to search and evaluate. For example, Broadcom objects to the Requests to the extent they seek documents that are in the public domain.

7.     Broadcom objects to the Requests to the extent they are not appropriately limited in time or seek information for periods of time that are not relevant to any claim or defense.

8.     Broadcom objects to the Requests to the extent they seek documents that are outside of Broadcom's possession, custody, or control.

9.     Broadcom objects to the Requests to the extent they require Broadcom to draw a legal conclusion to make a proper response.

10.     Broadcom objects to the Requests to the extent they seek to require Broadcom to provide information, documents, or things beyond what Broadcom is able to locate upon a reasonable search of its own files and from a reasonable inquiry of Broadcom's current employees.

11.     Broadcom objects to Plaintiff's definition for "Broadcom," "You," and "Yours" as overly broad, unduly burdensome, vague, and ambiguous, including to the extent it purports to include "their predecessors or successors (merged, acquired, or otherwise), parents, divisions, subsidiaries, and affiliates thereof, and all past and present officers, directors, partners, trustees, employees, agents, consultants, representatives, attorneys, third-party service providers, and any

4

other person or entity acting or purporting to act on their behalf." Broadcom further objects to the extent this definition purports to require Broadcom to produce information outside of its possession, custody, and control. Broadcom shall define "Broadcom," "You," and "Yours" as Broadcom Inc.

12.     Broadcom objects to Plaintiff's definition of "Defendants" as overly broad, unduly burdensome, vague, and ambiguous, including to the extent it purports to include "their affiliates, attorneys, agents, employees, third-party service providers, and any other person or entity acting or purporting to act on their behalf." Broadcom shall define "Defendants" as "Samsung Electronics Company, Ltd., and Samsung Electronics America, Inc."

13.     Broadcom objects to Caltech's definition for "Identified Products" as overly broad, unduly burdensome, vague, and ambiguous, including to the extent it purports to include unidentified "chips providing WLAN functionality in accordance (or substantial accordance) with any IEEE Standards" and to the extent they are "not limited to" the list of products specifically identified. Broadcom further objects to the extent this definition purports to include products that are not relevant to this case. Broadcom further objects to this definition to the extent that it purports to require Broadcom, a non-party, to conduct an analysis as to whether certain Broadcom products "provide WLAN functionality in accordance (or substantial accordance) with any IEEE standards." Broadcom shall define "Identified Products" as BCM4334, BCM4335, BCM4354, BCM4358, BCM4359, and BCM4375.

14.     Broadcom objects to Caltech's definition for "Document" and "Documents" as overly broad and unduly burdensome. Broadcom further objects to this definition to the extent it purports to impose any obligation on Broadcom beyond those required by Federal Rule of Civil

ACTIVEUS 194687576v.4

Procedure 45.  Broadcom shall define "Document" and "Documents" consistent with the Federal Rule of Civil Procedure 45.

15.     Broadcom objection to Caltech's definition of "and," "and/or," and "and" as vague and ambiguous.

16.     Broadcom objects to Caltech's definition for "relating to" as overly broad, vague, ambiguous, and unduly burdensome.

17.     Broadcom objects to instructions Nos. 9, 10, and 11 to the extent they seek electronically stored information and/or documents concerning electronically stored information that are not reasonably accessible due to undue burden and/or expense in violation of Federal Rule of Civil Procedure 45(e)(1)(D).  Broadcom further objects to instruction No. 11 to the extent it seeks to require Broadcom to conduct email searches.

18.     Broadcom objects to instruction Nos. 9 and 10 as overly burdensome and to the extent they purport to requires Broadcom to produce documents in any format other than as they exist in the ordinary course of business.  Broadcom further objects to the extent this instruction purports to impose any burden on Broadcom beyond those required by Federal Rule of Civil Procedure 45.

19.     Broadcom objects to instruction No. 10 as overly burdensome and improper, to the extent it implies a non-party, such as Broadcom, must provide interrogatory-style response.

20.     Broadcom objects to instruction No. 11 as overly burdensome and improper to the extent that it requires production of all requested documents created or sent on or after November 6, 2008.  To the extent Broadcom agrees to produce any requested documents, it will only produce such documents to the extent they can be located through a reasonable search.

6

# REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to show the system architecture, design, and technical operation of the Identified Products, including but not limited to architecture specifications, design specifications, design overviews, functional and design specifications, technical requirements specifications, white papers, marketing feature specifications, computer architecture schematics, circuit design specifications, testing/quality assurance requirements and results, hardware reference manuals and specifications, software reference manuals and specifications, operational manuals, and/or administrative manuals relating to the Identified Products, including but not limited to the following functionality:

A.      LDPC encoding and decoding;

B.      The information, messages, and/or data input to the LDPC encoder or output from the LDPC decoder of the Identified Products, including but not limited to the data path between the MAC layer (e.g., source of MPDUs and A-MPDUs) to the LDPC encoder or decoder;

C.      The output of the LDPC encoder of the Identified Products, including but not limited to the formation of codewords and parity bits and transmission thereof; and

D.      The reception from any LDPC decoder of the Identified Products, including but not limited to the reception of codewords and parity bits, formation and use of log likelihood ratios (LLRs), check nodes, iterative decoding, message passing, stopping conditions, and output of decoded information bits.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Broadcom incorporates the Preliminary Statement and General Objections set forth above as if they are individually stated here.  As stated more fully above in General Objection No. 1, because Caltech's patent infringement claims against Samsung products including Broadcom chips are barred by the doctrine of claim preclusion, Broadcom does not agree to provide the requested discovery concerning materials from the *Broadcom* case.

Broadcom also objects to the extent that this Request seeks information that is in the possession of parties to this action from which Caltech can and should seek such discovery instead of burdening Broadcom.  Broadcom objects to this request because it is overly broad and unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  Broadcom objects on the basis that the

7

request is compound. Broadcom objects to the terms, "system architecture," "design," "technical," "operation," "architecture specifications," "design specifications," "design overviews," "functional and design specifications," "technical requirements specifications," "white papers," "marketing feature specifications," "computer architecture schematics," "circuit design specifications," "testing/quality assurance requirements," "results," "hardware reference manuals and specifications," "software reference manuals" "specifications," "operational manuals," "administrative manuals," "functionality," "LDPC encoding and decoding," "information, messages, and/or data input to the LDPC encoder or output from the LDPC decoder," "data path between the MAC layer ( e.g., source of MPDUs and A-MPDUs) to the LDPC encoder or decoder," "output of the LDPC encoder," "formation of codewords and parity bits and transmission thereof," "reception from any LDPC decoder," "reception of codewords and parity bits," and "formation and use of log likelihood ratios (LLRs), check nodes, iterative decoding, message passing, stopping conditions, and output of decoded information bits" as overly broad, vague, and ambiguous. Broadcom objects to this Request on the grounds that it fails to describe the information requested with reasonable particularity. Broadcom objects that this Request seeks documents back to November 6, 2008 and thus seeks to impose undue burden on Non-Party Broadcom. Broadcom objects to this Request to the extent it seeks third-party confidential information that Broadcom is not permitted to disclose under applicable protective orders and/or private agreements. Broadcom objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and/or any other applicable privilege or immunity. Broadcom objects to this Request on the ground that the Subpoena fails to allow a reasonable time for compliance, particularly in view of the overbreadth of this Request.

Subject to and without waiving the foregoing general and specific objections, Broadcom responds as follows: Broadcom is willing to meet and confer with Caltech regarding its response to this Request.

## REQUEST FOR PRODUCTION NO. 2:

The source code, including RTL code, for the Identified Products, including but not limited to the following functionality:

     A.     LDPC encoding and decoding;

     B.     The information, messages, and/or data input to the LDPC encoder or output from the LDPC decoder of the Identified Products, including but not limited to the data path between the MAC layer (e.g., source of MPDUs and A-MPDUs) to the LDPC encoder or decoder;

     C.     The output of the LDPC encoder of the Identified Products, including but not limited to the formation of codewords and parity bits and transmission thereof; and

     D.     The reception from any LDPC decoder of the Identified Products, including but not limited to the reception of codewords and parity bits, formation and use of log likelihood ratios (LLRs), check nodes, iterative decoding, message passing, stopping conditions, and output of decoded information bits.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Broadcom incorporates the Preliminary Statement and General Objections set forth above as if they are individually stated here. As stated more fully above in General Objection No. 1, because Caltech's patent infringement claims against Samsung products including Broadcom chips are barred by the doctrine of claim preclusion, Broadcom does not agree to provide the requested discovery concerning materials from the *Broadcom* case.

Broadcom also objects to the extent that this Request seeks information that is in the possession of parties to this action from which Caltech can and should seek such discovery instead of burdening Broadcom. Broadcom objects to this request because it is overly broad and unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case. Broadcom objects on the basis that the

request is compound. Broadcom objects to the terms "source code," "RTL code," "functionality," "LDPC encoding and decoding," "information, messages, and/or data input to the LDPC encoder or output from the LDPC decoder," "data path between the MAC layer (e.g., source of MPDUs and A-MPDUs) to the LDPC encoder or decoder," "output of the LDPC encoder," "formation of codewords and parity bits and transmission thereof," "reception from any LDPC decoder" "reception of codewords and parity bits," "formation and use of log likelihood ratios (LLRs), check nodes, iterative decoding, message passing, stopping conditions, and output of decoded information bits" as overly broad, vague, and ambiguous.  Broadcom objects to this Request on the grounds that it fails to describe the information requested with reasonable particularity. Broadcom objects that this Request seeks documents back to November 6, 2008 and thus seeks to impose undue burden on Non-Party Broadcom.  Broadcom objects to this Request to the extent it seeks third-party confidential information that Broadcom is not permitted to disclose under applicable protective orders and/or private agreements. Broadcom objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and/or any other applicable privilege or immunity.  Broadcom objects to this Request on the ground that the Subpoena fails to allow a reasonable time for compliance, particularly in view of the overbreadth of this Request.

Subject to and without waiving the foregoing general and specific objections, Broadcom responds as follows:  Broadcom is willing to meet and confer with Caltech regarding its response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All data sheets for each of the Identified Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Broadcom incorporates the Preliminary Statement and General Objections set forth above as if they are individually stated here.  As stated more fully above in General Objection No. 1, because Caltech's patent infringement claims against Samsung products including Broadcom chips are barred by the doctrine of claim preclusion, Broadcom does not agree to provide the requested discovery concerning materials from the *Broadcom* case.

Broadcom also objects to the extent that this Request seeks information that is in the possession of parties to this action from which Caltech can and should seek such discovery instead of burdening Broadcom.  Broadcom objects to this request because it is overly broad and unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  Broadcom objects on the basis that the request is compound. Broadcom objects to the term "data sheet" as overly broad, vague, and ambiguous.  Broadcom objects to this Request on the grounds that it fails to describe the information requested with reasonable particularity.  Broadcom objects that this Request seeks documents back to November 6, 2008 and thus seeks to impose undue burden on Non-Party Broadcom.  Broadcom objects to this Request to the extent it seeks third-party confidential information that Broadcom is not permitted to disclose under applicable protective orders and/or private agreements. Broadcom objects to this request as overly broad and burdensome as it requests "all" "data sheets."  Broadcom objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and/or any other applicable privilege or immunity. Broadcom objects to this Request on the ground that the Subpoena fails to allow a reasonable time for compliance, particularly in view of the overbreadth of this Request.

Subject to and without waiving the foregoing general and specific objections, Broadcom responds as follows:  Broadcom is willing to meet and confer with Caltech regarding its response to this Request.

## REQUEST FOR PRODUCTION NO. 4:

Documents sufficient to identify any third-party developed technology used by You as part of any of the Identified Products, and documents sufficient to enable an engineer to understand the operation of such third-party developed technology, such as technical descriptions, requirements, specifications, or other documents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Broadcom incorporates the Preliminary Statement and General Objections set forth above as if they are individually stated here.  As stated more fully above in General Objection No. 1, because Caltech's patent infringement claims against Samsung products including Broadcom chips are barred by the doctrine of claim preclusion, Broadcom does not agree to provide the requested discovery concerning materials from the *Broadcom* case.

Broadcom also objects to the extent that this Request seeks information that is in the possession of parties to this action from which Caltech can and should seek such discovery instead of burdening Broadcom.  Broadcom objects to this request because it is overly broad and unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  Broadcom objects on the basis that the request is compound. Broadcom objects to the terms "identify," "third-party developed technology," "used," "part of," "enable an engineer to understand," "operation," "technical descriptions," "requirements," "specifications," and "other documents" as overly broad, vague, and ambiguous.  Broadcom objects to this Request on the grounds that it fails to describe the information requested with reasonable particularity.  Broadcom objects that this Request seeks documents back to November 6, 2008 and thus seeks to impose undue burden on Non-Party

Broadcom.  Broadcom objects to this Request to the extent it seeks third-party confidential information that Broadcom is not permitted to disclose under applicable protective orders and/or private agreements.  Broadcom objects to this request to the extent "enable an engineer to understand the operation" requires an interrogatory-style response or seeks to broaden in any way Broadcom's obligations under Federal Rule of Civil Procedure 45.  Broadcom objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and/or any other applicable privilege or immunity.  Broadcom objects to this Request on the ground that the Subpoena fails to allow a reasonable time for compliance, particularly in view of the overbreadth of this Request.

Subject to and without waiving the foregoing general and specific objections, Broadcom responds as follows:  Broadcom is willing to meet and confer with Caltech regarding its response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show each Identified Product's compliance with any of the IEEE Standards, or any portions thereof, and, with regard to any aspects of such standards that may be standard-optional, whether each Identified Product conforms with or supports that aspect of the standard.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Broadcom incorporates the Preliminary Statement and General Objections set forth above as if they are individually stated here.  As stated more fully above in General Objection No. 1, because Caltech's patent infringement claims against Samsung products including Broadcom chips are barred by the doctrine of claim preclusion, Broadcom does not agree to provide the requested discovery concerning materials from the *Broadcom* case.

Broadcom also objects to the extent that this Request seeks information that is in the possession of parties to this action from which Caltech can and should seek such discovery instead

of burdening Broadcom.  Broadcom objects to this request because it is overly broad and unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  Broadcom objects on the basis that the request is compound. Broadcom objects to the terms "compliance," "IEEE Standards," "any portions thereof," "any aspects of such standards that may be standard-optional," "conforms with," "supports," and "aspect" as overly broad, vague, and ambiguous.  Broadcom objects to this Request on the grounds that it fails to describe the information requested with reasonable particularity.  Broadcom objects that this Request seeks documents back to November 6, 2008 and thus seeks to impose undue burden on Non-Party Broadcom.  Broadcom objects to this Request to the extent it seeks third-party confidential information that Broadcom is not permitted to disclose under applicable protective orders and/or private agreements. Broadcom objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and/or any other applicable privilege or immunity. Broadcom objects to this Request on the ground that the Subpoena fails to allow a reasonable time for compliance, particularly in view of the overbreadth of this Request.

Subject to and without waiving the foregoing general and specific objections, Broadcom responds as follows:  Broadcom is willing to meet and confer with Caltech regarding its response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents provided by You to any customer regarding performance, optimization, power consumption, circuity efficiency, computational efficiency, semiconductor die area efficiency, or memory usage of any Identified Product, including with respect to WLAN or LDPC coding functionality.

ACTIVEUS 194687576v.4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Broadcom incorporates the Preliminary Statement and General Objections set forth above as if they are individually stated here.  As stated more fully above in General Objection No. 1, because Caltech's patent infringement claims against Samsung products including Broadcom chips are barred by the doctrine of claim preclusion, Broadcom does not agree to provide the requested discovery concerning materials from the *Broadcom* case.

Broadcom also objects to the extent that this Request seeks information that is in the possession of parties to this action from which Caltech can and should seek such discovery instead of burdening Broadcom.  Broadcom objects to this request because it is overly broad and unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  Broadcom objects on the basis that the request is compound. Broadcom objects to the terms "customer" "performance," "optimization," "power consumption," "circuity efficiency," "computational efficiency," "semiconductor die area efficiency," "memory usage," and "WLAN or LDPC coding functionality" as overly broad, vague, and ambiguous.  Broadcom objects to this Request on the grounds that it fails to describe the information requested with reasonable particularity.  Broadcom objects that this Request seeks documents back to November 6, 2008 and thus seeks to impose undue burden on Non-Party Broadcom.  Broadcom objects to this Request to the extent it seeks third-party confidential information that Broadcom is not permitted to disclose under applicable protective orders and/or private agreements. Broadcom objects to this request as overly broad and burdensome as it requests "all documents."  Broadcom further objects to this request to the extent it seeks to require Broadcom to perform email searches.  Broadcom objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and/or any other applicable privilege or immunity. Broadcom objects to this Request on the ground that

15

the Subpoena fails to allow a reasonable time for compliance, particularly in view of the overbreadth of this Request.

Subject to and without waiving the foregoing general and specific objections, Broadcom responds as follows:  Broadcom is willing to meet and confer with Caltech regarding its response to this Request.

## REQUEST FOR PRODUCTION NO. 7:

All documents, including test plans, test reports, and certifications, relating to testing of LDPC coding functionality in the Identified Products, including but not limited to compliance testing with the Wi-Fi Alliance.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Broadcom incorporates the Preliminary Statement and General Objections set forth above as if they are individually stated here.  As stated more fully above in General Objection No. 1, because Caltech's patent infringement claims against Samsung products including Broadcom chips are barred by the doctrine of claim preclusion, Broadcom does not agree to provide the requested discovery concerning materials from the *Broadcom* case.

Broadcom also objects to the extent that this Request seeks information that is in the possession of parties to this action from which Caltech can and should seek such discovery instead of burdening Broadcom.  Broadcom objects to this request because it is overly broad and unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  Broadcom objects on the basis that the request is compound. Broadcom objects to the terms "test plans," "test reports," "certifications," "testing of LDPC coding functionality," "compliance testing with the Wi-Fi Alliance" as overly broad, vague, and ambiguous.  Broadcom objects to this Request on the grounds that it fails to describe the information requested with reasonable particularity.  Broadcom objects that this Request seeks documents back to November 6, 2008 and thus seeks to impose undue burden on

16

Non-Party Broadcom.   Broadcom objects to this Request to the extent it seeks third-party confidential information that Broadcom is not permitted to disclose under applicable protective orders and/or private agreements. Broadcom objects to this request as overly broad and burdensome as it requests "all documents." Broadcom objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and/or any other applicable privilege or immunity. Broadcom objects to this Request on the ground that the Subpoena fails to allow a reasonable time for compliance, particularly in view of the overbreadth of this Request.

Subject to and without waiving the foregoing general and specific objections, Broadcom responds as follows:  Broadcom is willing to meet and confer with Caltech regarding its response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the total amount of each Identified Product You have sold to each Defendant and the prices You charged for the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Broadcom incorporates the Preliminary Statement and General Objections set forth above as if they are individually stated here.  As stated more fully above in General Objection No. 1, because Caltech's patent infringement claims against Samsung products including Broadcom chips are barred by the doctrine of claim preclusion, Broadcom does not agree to provide the requested discovery concerning materials from the *Broadcom* case.

Broadcom also objects to the extent that this Request seeks information that is in the possession of parties to this action from which Caltech can and should seek such discovery instead of burdening Broadcom.  Broadcom objects to this request because it is overly broad and unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party

17

to this action nor proportional to the needs of the case.  Broadcom objects on the basis that the request is compound. Broadcom objects to the terms "total amount," "sold," "prices," and "charged" as overly broad, vague, and ambiguous.  Broadcom objects to this Request on the grounds that it fails to describe the information requested with reasonable particularity.  Broadcom objects that this Request seeks documents back to November 6, 2008 and thus seeks to impose undue burden on Non-Party Broadcom.  Broadcom objects to this Request to the extent it seeks third-party confidential information that Broadcom is not permitted to disclose under applicable protective orders and/or private agreements. Broadcom objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and/or any other applicable privilege or immunity. Broadcom objects to this Request on the ground that the Subpoena fails to allow a reasonable time for compliance, particularly in view of the overbreadth of this Request.

Subject to and without waiving the foregoing general and specific objections, Broadcom responds as follows:  Broadcom is willing to meet and confer with Caltech regarding its response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning or reflecting communications and/or agreements between You and any of the Defendants or their attorneys concerning or relating to (a) this lawsuit, *California Institute of Technology v. Samsung Electronics Company, Ltd. and Samsung Electronics America, Inc.,* E.D. Tex. Case No. 2:21-cv-446-JRG, (b) the plaintiff in this lawsuit, the California Institute of Technology, or (c) the patents at issue in this lawsuit, which are U.S. Patent No. 7,116,710 (the "'710 patent"), U.S. Patent No. 7,421,032 (the "'032 patent"), U.S. Patent No. 7,716,552 (the "'552 patent"), U.S. Patent No. 7,916,781 (the "'781 patent"), and U.S. Patent No. 8,284,833 (the "'833 patent").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Broadcom incorporates the Preliminary Statement and General Objections set forth above as if they are individually stated here.  As stated more fully above in General Objection No. 1,

because Caltech's patent infringement claims against Samsung products including Broadcom chips are barred by the doctrine of claim preclusion, Broadcom does not agree to provide the requested discovery concerning materials from the *Broadcom* case.

Broadcom also objects to the extent that this Request seeks information that is in the possession of parties to this action from which Caltech can and should seek such discovery instead of burdening Broadcom.  Broadcom objects to this request because it is overly broad and unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  Broadcom objects on the basis that the request is compound.  Broadcom objects to the terms "concerning," "reflecting," "communications," "agreements," "their attorneys," "this lawsuit, *California Institute of Technology v. Samsung Electronics Company, Ltd. and Samsung Electronics America, Inc.,* E.D. Tex. Case No. 2:21-cv-446-JRG," "plaintiff in this lawsuit," "California Institute of Technology," "the patents at issue in this lawsuit," "U.S. Patent No. 7,116,710 (the "'710 patent")," "U.S. Patent No. 7,421,032 (the "'032 patent")," "U.S. Patent No. 7,716,552 (the "'552 patent")," "U.S. Patent No. 7,916,781 (the "'781 patent")," and "U.S. Patent No. 8,284,833 (the "'833 patent")" as overly broad, vague, and ambiguous.  Broadcom objects to this Request on the grounds that it fails to describe the information requested with reasonable particularity.  Broadcom objects that this Request seeks documents back to November 6, 2008 and thus seeks to impose undue burden on Non-Party Broadcom.  Broadcom objects to this Request to the extent it seeks third-party confidential information that Broadcom is not permitted to disclose under applicable protective orders and/or private agreements. Broadcom objects to this request as overly broad and burdensome as it requests "all documents."  Broadcom further objects to this request to the extent it seeks to require Broadcom to perform email searches.  Broadcom objects to this Request to the

19

extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and/or any other applicable privilege or immunity.  Broadcom objects to this Request on the ground that the Subpoena fails to allow a reasonable time for compliance, particularly in view of the overbreadth of this Request.

Subject to and without waiving the foregoing general and specific objections, Broadcom responds as follows:  Broadcom is willing to meet and confer with Caltech regarding its response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents You produced or made available for inspection in the matter *California Institute of Technology v. Broadcom Ltd., et al.,* C.D. Cal. Case No. 2:16-cv-03714-GW-AGRx.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Broadcom incorporates the Preliminary Statement and General Objections set forth above as if they are individually stated here.  As stated more fully above in General Objection No. 1, because Caltech's patent infringement claims against Samsung products including Broadcom chips are barred by the doctrine of claim preclusion, Broadcom does not agree to provide the requested discovery concerning materials from the *Broadcom* case.

Broadcom also objects to the extent that this Request seeks information that is in the possession of parties to this action from which Caltech can and should seek such discovery instead of burdening Broadcom.  Broadcom objects to this request because it is overly broad and unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  Broadcom objects on the basis that the request is compound.  Broadcom objects that this Request seeks documents back to November 6, 2008 and thus seeks to impose undue burden on Non-Party Broadcom.  Broadcom objects to this Request to the extent it seeks third-party confidential information that Broadcom is not permitted

to disclose under applicable protective orders and/or private agreements.  Broadcom objects to this request as overly broad and burdensome as it requests "all documents."  Broadcom further objects to this request to the extent it seeks to require Broadcom to perform email searches.  Broadcom objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine and/or any other applicable privilege or immunity. Broadcom objects to this Request on the ground that the Subpoena fails to allow a reasonable time for compliance, particularly in view of the overbreadth of this Request.

Subject to and without waiving the foregoing general and specific objections, Broadcom responds as follows:  Broadcom is willing to meet and confer with Caltech regarding its response to this Request.

Dated:  May 13, 2022

Respectfully submitted,

By:   /s/ James M. Dowd
         James M. Dowd
         james.dowd@wilmerhale.com
         **WILMER CUTLER PICKERING**
         **HALE AND DORR LLP**
         350 South Grand Avenue, Suite 2400
         Los Angeles, CA 90071
         Telephone:  (213) 443-5300

*Attorneys for Non-Party Broadcom Inc.*

21