1   Mark D. Selwyn (SBN 244180)
    mark.selwyn@wilmerhale.com
2   WILMER CUTLER PICKERING
    HALE AND DORR LLP
3   2600 El Camino Real, Suite 400
    Palo Alto, CA 94306
4   Telephone: (650) 858-6031
5
    James M. Dowd (SBN 259578)
6   james.dowd@wilmerhale.com
    WILMER CUTLER PICKERING
7   HALE AND DORR LLP
    350 South Grand Avenue, Suite 2400
8   Los Angeles, CA 90071
    Telephone:  (213) 443-5300
9
10  Taylor Gooch (SBN 294282)
    taylor.gooch@wilmerhale.com
11  WILMER CUTLER PICKERING
    HALE AND DORR LLP
12  One Front Street, Suite 3500
    San Francisco, CA 94111
13  Telephone: (628) 235-1000
    *Attorneys for Non-Parties Broadcom Inc. and Broadcom Corp.*
14

15              UNITED STATES DISTRICT COURT
16          FOR THE NORTHERN DISTRICT OF CALIFORNIA
                     SAN JOSE DIVISION
17

| | |
|---|---|
| CALIFORNIA INSTITUTE OF TECHNOLOGY, | Case No. 5:22-MC-80318 |
| Plaintiff, | E.D. Tex. Case No. 2:21-CV-0446-JRG |
| v. | **BROADCOM INC. AND BROADCOM CORP.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO L.R. 79-5** |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | Date: January 10, 2023 |
| Defendants. | San Jose Courthouse, Courtroom 2, 5th Floor Time: 10:00 AM PT |

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, non-parties Broadcom Inc. and Broadcom Corp. (together, "Broadcom") respectfully submits this administrative motion to file under seal selected portions of Broadcom's Opposition to California Institute of Technology's Motion to Compel Subpoena Compliance of Broadcom ("Opposition") and accompanying exhibits.  Civil Local Rule 79-5 governs the filing under seal of documents that contain material that is "privileged, protectable as a trade secret or otherwise entitled to protection under the law."

## II.    LEGAL STANDARD

While the Ninth Circuit has recognized that "the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), it has carved out an exception "for sealed materials attached to a discovery motion unrelated to the merits of a case[.]"  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  "Under this exception, a party need only satisfy the less exacting 'good cause' standard."  *Id.*; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("In short, 'good cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions.").  Motions to seal related to material attached to motions to compel third party compliance with a subpoena are subject to this "good cause" standard.  *See 3B Med., Inc. v. Resmed Corp.*, No. 16-CV-2050-AJB-JMA, 2016 WL 6818953, at *2 (S.D. Cal. Oct. 11, 2016) (finding good cause standard applies in part "because a motion to compel compliance with a subpoena does not adjudicate the parties' substantive rights or serve as a substitute for trial, and is thus a nondispositive motion").

The "good cause" standard is derived from Rule 26(c), which provides a trial court with broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade

**BROADCOM'S ADMINISTRATIVE**                                        **CASE NO. 5:22-MC-80318**
**MOTION TO FILE UNDER SEAL**

secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G).  The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b).  "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . ."  *Id.* (alterations in original).  Additionally, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671-BLF (NC), 2019 WL 8107916, at *1 (N.D. Cal. Mar. 7, 2019) (finding that "data for unit sales of products; geographic locations of design and manufacture of products; sales and pricing information; design and manufacturing process details; [and] source code," are all "categories of information which could harm the parties if disclosed to competitors or the public").

"A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130.  In addition, Civil Local Rule 79-5 requires that a request to seal must explain the "legitimate private or public interests that warrant sealing; the injury that will result if sealing is denied; and why a less restrictive alternative to sealing is not sufficient."  Civil L.R.  79-5(c).  Civil Local Rule 79-5(c) also requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed."  In compliance with Civil Local Rule 79-5, Broadcom submits this Administrative Motion.

## III.    THE DOCUMENTS SOUGHT TO BE SEALED

Broadcom seeks to file the below-listed documents under seal, which contain information that has been designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," or were filed under seal, by Broadcom, Apple Inc., or the California Institute of Technology ("Caltech") pursuant to the Protective Order in *California Institute of Technology v. Broadcom Ltd., et al.*, No. 2:16-cv-03714 (C.D. Cal.), Dkt. 101.  These documents contain Broadcom confidential business information, which Broadcom has not disclosed to competitors or to the general public.  Broadcom considers that the release of this information would be harmful to Broadcom.

Accompanying this Motion is the Declaration of Amanda Swaim in support of Broadcom's Administrative Motion to File Under Seal and a Proposed Order.  The reasons for Broadcom's request to seal these documents, based upon personal knowledge, are set forth in Ms. Swaim's Declaration.  The complete, unredacted version of these documents have been filed under seal and served upon the plaintiff.

| DOCUMENT | PORTIONS TO BE SEALED | REASONS FOR SEALING |
|---|---|---|
| Broadcom's Opposition to Motion to Compel | Excerpts<br><br>Page 3, lines 19-22<br><br>Page 4, lines 12-13, 14-15-21, 24-26<br><br>Page 5, lines 1-10, 12-15, 17-19, 22, 24-26<br><br>Page 6, lines 1, 13-15<br><br>Page 11, lines 19, 21-23, 25-27 | Contains sensitive, non-public information regarding Broadcom's products and employees, including Broadcom's product model numbers, the public disclosure of which would be competitively harmful to Broadcom. |

| | Page 15, lines 4, 5-10, 15 | |
|---|---|---|
| Declaration of James M. Dowd in support of Broadcom's Opposition | Excerpts<br><br>Page 1, line 21<br><br>Page 2, lines 20, 23<br><br>Page 3, lines 2, 5, 8 | Contains sensitive, non-public information regarding Broadcom's products and employees, including Broadcom's product model numbers, the public disclosure of which would be competitively harmful to Broadcom. |
| EXHIBIT 1 | In its entirety | Contains sensitive, non-public information regarding Broadcom's products, including Broadcom's product model numbers, the public disclosure of which would be competitively harmful to Broadcom. |
| EXHIBIT 2 | In its entirety | Contains sensitive, non-public information regarding Broadcom's products, including Broadcom's product model numbers and the specific type of LDPC encoder and decoder used with each model number, the public disclosure of which would be competitively harmful to Broadcom.<br><br>Designated by Broadcom and Apple Inc. as CONFIDENTIAL – ATTORNEYS' EYES ONLY |
| EXHIBIT 4 | In its entirety | Contains sensitive, non-public information regarding Broadcom's product sales, the public disclosure of which would be competitively harmful to Broadcom.<br><br>Designated by Broadcom as CONFIDENTIAL – ATTORNEYS' EYES ONLY |
| EXHIBIT 5 | In its entirety | Contains sensitive, non-public information regarding Broadcom's product sales, including product model numbers, sales quantities, and customer names, the public disclosure of which would be competitively harmful to Broadcom.<br><br>Designated by Broadcom as CONFIDENTIAL – ATTORNEYS' EYES ONLY |

| EXHIBIT 6 | In its entirety | Contains sensitive, non-public information regarding Broadcom's products, including Broadcom's product model numbers, the public disclosure of which would be competitively harmful to Broadcom. |
|---|---|---|
| EXHIBIT 7 | Excerpts<br><br>Page 2, lines 2, 6-8, 11-13, 27-28<br><br>Page 6, line 2 | Contains sensitive, non-public information regarding Broadcom's products, including Broadcom's product model numbers, the public disclosure of which would be competitively harmful to Broadcom. |
| EXHIBIT 8 | Excerpts<br><br>Page 1, line 16<br>Page 10, lines 1, 5, 17, 18<br>Page 86, lines 20, 22, 24<br>Page 205, lines 4, 11, 13, 16, 17<br>Page 210, lines 17-18<br>Page 215, lines 23-25<br>Page 216, lines 1-2, 6-8, 11-12, 16-24<br>Page 264, lines 1-2, 4, 9, 11, 13-16, 23-25<br>Page 265, lines 2, 4-5, 10-12, 15-16, 19-21, 23-24<br>Page 266, lines 6-9, 14, 15, 19, 20-21, 22 | Contains sensitive, non-public information regarding Broadcom's products, employees, customers, and business strategy, including product model numbers, customer names and sales information, and information about how and to whom Broadcom supplies its chips, the public disclosure of which would be competitively harmful to Broadcom.<br><br>Designated by Broadcom as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY |
| EXHIBIT 9 | Excerpts<br><br>Page 1, line 16<br>Page 10, lines 3, 11<br>Page 263, lines 4, 6, 14, 23 | Contains sensitive, non-public information regarding Broadcom's products, employees, including Broadcom's product model numbers, the public disclosure of which would be competitively harmful to Broadcom.<br><br>Designated by Broadcom as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY |
| EXHIBIT 11 | In its entirety | Contains sensitive, non-public information regarding Broadcom's products, customers, and business strategy, including product |

5

| | | |
|---|---|---|
| | | model numbers, customer names and sales information, strategies for product development and product sales, and market analysis, the public disclosure of which would be competitively harmful to Broadcom.<br><br>Designated by Broadcom as CONFIDENTIAL – ATTORNEYS' EYES ONLY |
| EXHIBIT 12 | Excerpts<br><br>Page 1, line 15<br>Page 23, lines 1-2, 4, 6, 8-9, 14-15, 21-23, 25<br>Page 24, lines 1-2<br>Page 74, lines 3-5, 8-10, 19-20, 25<br>Page 75, lines 1, 11-12, 14-18, 20, 23-24 | Contains sensitive, non-public information regarding Broadcom's products, employees, customers, and business strategy, including product model numbers, customer names and sales information, and sales revenues, the public disclosure of which would be competitively harmful to Broadcom.<br><br>Designated by Broadcom as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY |
| EXHIBIT 13 | In its entirety | Contains sensitive, non-public information regarding Broadcom's products, customers, and business strategy, including product model numbers, customer names and sales information, and sales revenues, the public disclosure of which would be competitively harmful to Broadcom.<br><br>Designated by Broadcom as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY |
| EXHIBIT 14 | In its entirety | Contains sensitive, non-public information regarding Broadcom's products and business strategy, including product model numbers and strategies for product development and product sales, the public disclosure of which would be competitively harmful to Broadcom.<br><br>Filed under seal.  Public, redacted version not filed. |

BROADCOM'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL

CASE NO. 5:22-MC-80318

Dated: December 19, 2022

/s/ James M. Dowd
Taylor Gooch
    California State Bar No. 294282
    taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000

James M. Dowd
    California State Bar No. 259578
    james.dowd@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone:  (213) 443-5300

Mark D. Selwyn
    California State Bar No. 244180
    mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6031

*Attorneys for Non-Parties Broadcom Inc. and Broadcom Corp.*

**BROADCOM'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL**

**CASE NO. 5:22-MC-80318**

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 19th day of December, 2022, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By: *   /s/  James M. Dowd* _____

James M. Dowd

8