1  Mark D. Selwyn (SBN 244180)
   mark.selwyn@wilmerhale.com
2  WILMER CUTLER PICKERING
   HALE AND DORR LLP
3  2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
4  Telephone: (650) 858-6031

5
   James M. Dowd (SBN 259578)
6  james.dowd@wilmerhale.com
   WILMER CUTLER PICKERING
7  HALE AND DORR LLP
   350 South Grand Avenue, Suite 2400
8  Los Angeles, CA 90071
   Telephone:  (213) 443-5300
9

10 Taylor Gooch (SBN 294282)
   taylor.gooch@wilmerhale.com
11 WILMER CUTLER PICKERING
   HALE AND DORR LLP
12 One Front Street, Suite 3500
   San Francisco, CA 94111
13 Telephone: (628) 235-1000

14 *Attorneys for Non-Parties Broadcom Inc. and Broadcom Corp.*

15
16                    **UNITED STATES DISTRICT COURT**
                  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
17                            **SAN JOSE DIVISION**

| | |
|---|---|
| CALIFORNIA INSTITUTE OF TECHNOLOGY, | Case No. 5:22-MC-80318 |
| Plaintiff, | E.D. Tex. Case No. 2:21-CV-0446-JRG |
| v. | **DECLARATION OF AMANDA SWAIM IN SUPPORT OF BROADCOM INC. AND BROADCOM CORP.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO L.R. 79-5** |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | Date: January 10, 2023<br>San Jose Courthouse, Courtroom 2, 5th Floor<br>Time: 10:00 AM PT |

I, Amanda Swaim, declare:

1. I am Senior IP Counsel at Broadcom Inc. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them.

2. Non-parties Broadcom Inc. and Broadcom Corp. (collectively, "Broadcom") seek to file under seal documents containing material designated by Broadcom and California Institute of Technology as "Confidential – Attorneys' Eyes Only" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in *California Institute of Technology v. Broadcom Ltd., et al.*, No. 2:16-cv-03714 (C.D. Cal.), Dkt. 101.

3. As required by Local Rule 79-5(c)(2), I submit this Declaration in support of Broadcom's Motion to Seal. I confirm that the documents identified below, based on current information and belief, contain information that is confidential and sealable.

4. The materials sought to be filed under seal were identified by Broadcom as follows:

| DOCUMENT | PORTIONS IDENTIFIED BY BROADCOM FOR SEALING |
|---|---|
| Broadcom's Opposition to Motion to Compel | Highlighted portions |
| Declaration of James M. Dowd in support of Broadcom's Opposition | Highlighted portions |
| EXHIBIT 1 | In its entirety |
| EXHIBIT 2 | In its entirety |
| EXHIBIT 4 | In its entirety |
| EXHIBIT 5 | In its entirety |
| EXHIBIT 6 | In its entirety |
| EXHIBIT 7 | Highlighted portions |
| EXHIBIT 8 | Highlighted portions |
| EXHIBIT 9 | Highlighted portions |
| EXHIBIT 11 | In its entirety |
| EXHIBIT 12 | Highlighted portions |
| EXHIBIT 13 | In its entirety |
| EXHIBIT 14 | In its entirety |

1

5.       I understand and have been informed that a party seeking to seal "materials attached to a discovery motion unrelated to the merits of a case" must show that "good cause" exists to seal the materials. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). I further understand that "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

6.       "Good cause" exists for sealing of the identified materials, because disclosure of that information would harm Broadcom's competitive and financial position, and because the disclosure of these material would not aid in the public's understanding of the judicial process.

7.       Broadcom's Opposition to Motion to Compel and the Declaration of James M. Dowd in support of Broadcom's Opposition contain confidential information relating to Broadcom's employees, product model names and features, customer names and sales information, and information about how and to whom Broadcom supplies its chips. They also contain information from documents that Broadcom marked "Confidential – Attorneys' Eyes Only."

8.       Exhibits 1, 2, 6, and 7 contain Broadcom's confidential product information, including product model names, product feature information, and customer names. Broadcom, Caltech, and/or Apple Inc. marked these exhibits as "Confidential – Attorneys' Eyes Only."

9.       Exhibits 4 and 5 contains Broadcom's confidential sales, price, customer, and product information. Broadcom marked Exhibits 4 and 5 as "Confidential – Attorneys' Eyes Only."

10.       Exhibits 8, 9, and 12 are deposition transcripts that Broadcom marked "Highly Confidential – Attorneys' Eyes Only." They contain confidential information relating to Broadcom's employees, product model names and features, customer names and sales information, sales revenue, and information about how and to whom Broadcom supplies its chips.

11. Exhibits 11 and 13 contains confidential information relating to Broadcom's products, customers, product and sales strategy, and market analysis. Broadcom marked these exhibits as "Confidential – Attorneys' Eyes Only."

12. Exhibit 14 is a brief I understand was filed under seal in *California Institute of Technology v. Broadcom Ltd., et al.*, No. 2:16-cv-03714 (C.D. Cal.). Exhibit 14 also contains confidential information relating to Broadcom's products, including product code names, customer names, and sales information.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed December 19, 2022.

/s/ 

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 19th day of December, 2022, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By:  /s/ *James M. Dowd*
James M. Dowd