UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SUBPOENAS TO BROADCOM CORP. AND BROADCOM INC. IN THE MATTER OF:<br><br>CALIFORNIA INSTITUTE OF TECHNOLOGY,<br><br>          Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., et al.,<br><br>          Defendants. | Case No. 22-mc-80318-VKD<br><br>**ORDER RE MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**<br><br>Re: Dkt. No. 1 |

California Institute of Technology ("Caltech") filed a motion to compel Broadcom Corp. and Broadcom Inc. (collectively, "Broadcom") to comply with subpoenas Caltech served on Broadcom in connection with an action in the United States District Court for the Eastern District of Texas. Dkt. No. 1. Broadcom opposes the motion. Dkt. No. 16-3. The Court heard oral argument on the matter on January 11, 2023. Dkt. No. 21. The Court grants in part and denies in part Caltech's motion to compel and orders further proceedings, as set forth below.

**I.   BACKGROUND**

   **A.   Texas Action**

Caltech is the plaintiff in a patent infringement action against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"), *California Institute of Technology v. Samsung Electronics Co., Ltd. et al.*, No. 2:21-cv-0446-JRG (E.D. Tex.) ("Texas action"). In that action, Caltech alleges that Samsung infringes four patents directed to a type of error correction code that may be used in Wi-Fi technology: (1) U.S. Patent No. 7,116,710 ("the

1  '710 patent"), (2) U.S. Patent No. 7,421,032 ("the '032 patent"), (3) U.S. Patent No. 7,916,781
2  ("the '781 patent"), and (4) U.S. Patent No. 8,284,833 ("the '833 patent").  Dkt. No. 1 at 3.
3  Caltech says that it accuses "all Samsung products that are Wi-Fi enabled and comply with any of
4  the IEEE 802.11n, 802.11ac, or 802.11ax standards." *Id.* at 5.  In response to Caltech's
5  interrogatories, Samsung identified all such products and indicated that some of them rely on chips
6  supplied by Broadcom to perform "relevant functionality." *Id.*

In April 2022, Caltech served subpoenas on Broadcom seeking production of ten categories of documents:

1. Documents sufficient to show the technical details of the Broadcom chips Samsung identified, including specifically four areas of functionality.
2. Source code showing the same information for the Broadcom chips.
3. Data sheets for the Broadcom chips.
4. Documents sufficient to identify and describe any third-party technology used in the Broadcom chips.
5. Documents sufficient to show the Broadcom chips' compliance with certain IEEE standards.
6. All documents provided to any customer regarding certain aspects of the Broadcom chips.
7. All documents relating to testing of certain functionality in the Broadcom chips.
8. Documents sufficient to show the total amount of the Broadcom chips sold to Samsung and the prices Broadcom charged.
9. All documents reflecting communications or agreements between Broadcom and Samsung concerning the Texas action, Caltech, or the asserted patents.
10. All documents Broadcom produced in the California action.

*See* Dkt. No. 1-2 at 3-6.  Broadcom objected on multiple grounds to all of Caltech's document requests, including a general objection that "Caltech's claims against Samsung are barred by the doctrine of claim preclusion, and thus the discovery sought by the subpoenas is irrelevant, unduly burdensome, and not proportional to the needs of the case."  *See* Dkt. No. 1-4 at 3.

2

### B. California Action

In 2016, Caltech initially asserted these same four patents against Apple Inc. and Broadcom in a separate action in the Central District of California, *California Institute of Technology v. Broadcom, Ltd. et al.*, No. 2:16-cv-03714 (C.D. Cal.) ("California action"). Dkt. No. 1 at 2. After taking discovery of Broadcom concerning its chips and the customer products that incorporate Broadcom's chips, Caltech voluntarily withdrew its claims relating the '833 patent and narrowed the scope of its remaining claims to exclude Samsung products that incorporate Broadcom chips. *Id.* at 4; Dkt. No. 16-3 at 4-6. In 2020, a jury found that certain Apple and Broadcom products infringed claims of the '710 patent, the '032 patent, and the '781 patent, and awarded substantial damages to Caltech. Dkt. No. 1 at 4. On appeal, the Federal Circuit affirmed the jury's verdict of infringement of the '710 and '032 patents, vacated the verdict of infringement of the '781 patent, vacated the damages award, and remanded for a new trial on infringement of the '781 patent and damages. *California Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 980 (Fed. Cir. 2022). A new trial in the California action is set for June 2023. Dkt. No. 1 at 4.

## II. LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs discovery of non-parties. The scope of allowable discovery under Rule 45 is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory comm's note (1970); Fed. R. Civ. P. 34(a)). Rule 26 permits discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other

3

1  source that is more convenient, less burdensome, or less expensive; (ii) the party seeking

2  discovery has had ample opportunity to obtain the information by discovery in the action; or

3  (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.

4  26(b)(2)(C). Rule 45 further provides that "the court for the district where compliance is required

5  must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires

6  a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure

7  of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person

8  to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

## III.  DISCUSSION

The principal issue raised in Caltech's motion to compel and in Broadcom's opposition is whether Broadcom properly may resist discovery based on its contention that Caltech's action against Samsung in Texas violates the claim preclusion doctrine and the prohibition against claim splitting, given Caltech's claims in the California action. *See* Dkt. No. 1 at 11-19; Dkt. No. 16-3 at 9-17. As Broadcom concedes, it is not a party in the Texas action, nor has it attempted to intervene in that action. And while Broadcom notes that Samsung has pled claim preclusion as an affirmative defense in the Texas action, *see* Dkt. No. 16-3 at 7, Samsung has not resisted discovery or moved for dismissal of the Texas action or any part of it on that basis. *See* Dkt. No. 1 at 5.

Whatever the merits of a claim preclusion/claim splitting defense may be, and even if Broadcom were a proper party to assert such a defense, it is not appropriate for this Court to resolve the merits of any such defense in an ancillary proceeding to compel Broadcom's compliance with Caltech's document subpoenas. Rather, the Court considers whether the subpoenas are directed to documents that are *relevant to* a party's claim or defense, and whether the discovery is proportional to the needs of the case, giving due consideration to the provisions of Rules 26(b)(2)(C) and 45(d)(3)(A). Matters that require resolution of the merits of a claim or defense should be raised in the Texas action.

Here, Caltech has shown that some of the accused Samsung products incorporate Broadcom chips, and that Samsung contends these chips perform relevant functionality.

Broadcom does not dispute this. Accordingly, Caltech has established that at least some information about the Broadcom chips identified in the subpoenas is relevant to Caltech's patent infringement claims in the Texas action. Neither Samsung's pending claim preclusion affirmative defense nor Broadcom's freestanding objection to Caltech's action against Samsung bars this discovery.

Caltech and Broadcom also disagree about whether the subpoenas are too broad and seek discovery that would impose a disproportionate burden on Broadcom. *See* Dkt. No. 1 at 9-10; Dkt. No. 16-3 at 18-19; Dkt. No. 18-2 at 13-14. However, at the hearing, Caltech and Broadcom seemed to acknowledge that they had not adequately conferred on these points before Caltech brought its motion to compel. Accordingly, the Court orders Caltech and Broadcom to confer promptly regarding Broadcom's remaining objections. *See* Dkt. No. 16-3 at 18-20. If a dispute remains, Caltech may file a regularly noticed motion to compel or, at Caltech's election, Caltech and Broadcom may ask the Court to resolve their dispute using the expedited discovery dispute resolution procedures in Judge DeMarchi's Standing Order for Civil Cases.[1]

**IT IS SO ORDERED.**

Dated: January 13, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] https://cand.uscourts.gov/vkd-standing-order-for-civil-cases-april-2022/

5